# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 BRANDON M. SIZEMORE**
**United States Army, Appellant**

ARMY 20111116

Headquarters, Fort Drum
John V. Imhof, Military Judge (arraignment)
Troy Smith, Military Judge (trial)
Lieutenant Colonel Robert L. Manley, III, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

17 September 2013

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of wrongful use of a controlled substance and one specification of drunk and disorderly conduct, in violation of Articles 112a and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 112a, 934 (2006) [hereinafter UCMJ]. Contrary to his pleas, the military judge convicted appellant of two specifications of absence without leave in violation of Article 86, UCMJ, 10 U.S.C. § 886. The convening authority approved the adjudged sentence of a bad-conduct discharge and confinement for 170 days. The convening authority awarded appellant 129 days of confinement credit.

The case is now before this court for review under Article 66, UCMJ. Appellate defense counsel raises one assignment of error to this court and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The one assignment of error merits discussion but no relief. Those matters personally raised by appellant are without merit.

SIZEMORE—ARMY 20111116

In the assignment of error, appellant claims it was an abuse of discretion for the military judge to reject his guilty plea to the unauthorized absences based upon his assertion of an inapplicable and unrecognized defense of necessity. Assuming without deciding that the military judge should not have found appellant's guilty pleas to the unauthorized absences improvident, there is no material prejudice to appellant's substantial rights. *See* UCMJ art. 59(a). In this case, there was no pretrial agreement which provided the benefit of a sentence cap. Therefore, appellant did not forgo any benefit and he faced the same maximum punishment available with his attempted guilty plea. Additionally, appellant's attempt to plea, his acceptance of responsibility, and his forthrightness were all matters in mitigation before the military judge for sentencing. *See United States v. Holsey*, 72 M.J. 93 (C.A.A.F. 2013) (summ. disp.).

## CONCLUSION

On consideration of the entire record, submissions of the parties, and those matters personally raised by appellant pursuant to *Grostefon*, we hold the findings of guilty and the sentence as approved by the convening authority are correct in law and fact.

Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2